# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| TRIMJOIST CORPORATION, | ) | Case No.: | 12-15405-JDW |
| | ) | | |
| DEBTOR. | ) | Chapter 11 | |

| | | | |
|---|---|---|---|
| TRUSTMARK NATIONAL BANK, | ) | | |
| | ) | | |
| PLAINTIFF | ) | | |
| | ) | | |
| v. | ) | A.P. No.: | 13-01024-JDW |
| | ) | | |
| E. BARRY SANFORD, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF TRUSTMARK NATIONAL BANK'S MOTION FOR ABSTENTION AND REMAND (DOC. 3)

This adversary proceeding came before the Court for hearing on June 11, 2013, on the Motion for Abstention and Remand (the "Motion") filed by the Plaintiff, Trustmark National Bank ("Trustmark"). (A.P. Doc. 3). The Defendant, E. Barry Sanford ("Sanford") filed a response in opposition to the Motion. (the "Response")(A.P. Doc. 10). At the hearing, the Court heard the arguments of counsel for Sanford and for Trustmark and took the matter under advisement. No evidence was presented at the hearing. This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(b) and the United States District Court for the Northern District of Mississippi's Order Of Reference Dated August 6, 1984. Trustmark has consented to this Court's entry of a final judgment on this Motion.[1] (FN. 1, Motion).

---

[1] In open court, Trustmark's counsel also consented to this Court's entry of a final judgment on the entirety of this adversary proceeding, should the Court deny the Motion.

1

## I.   FINDINGS OF FACT[2]

Trimjoist Corporation (the "Debtor") filed its chapter 11 bankruptcy petition on December 18, 2012 (Main Doc. 1). Sanford is the President and a director of the Debtor, but is not a debtor in any bankruptcy case. Trustmark holds the first mortgage on a commercial building and various equipment owned by the Debtor located at 5146 Highway 182 East, Columbus, Mississippi. In his schedules, the Debtor listed Sanford as a codebtor on the Trustmark debt. (Sched. H, Main Doc. 30). Both Trustmark and Sanford are citizens of Mississippi.

On February 19, 2013, Trustmark filed a breach of contract action solely against Sanford in the Circuit Court of Lowndes County, Mississippi, Civil Action No. 2013-0026, based on Sanford's personal guaranty of the Debtor's promissory note to Trustmark. Sanford timely filed his Notice of Removal on April 3, 2013, asserting that this Court has jurisdiction under 28 U.S.C. § 157(b)(2) and 28 U.S.C. § 1334(b). On April 9, 2013, Trustmark filed the Motion.

## II.   CONCLUSIONS OF LAW

### A.   Jurisdiction.

The threshold issue to be considered is whether this Court has jurisdiction over the litigation between Trustmark and Sanford. A bankruptcy court's jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Proceedings are 'related to' bankruptcy cases if their outcome 'could conceivably have any effect on the estate being administered in bankruptcy.'" *Fire Eagle, LLC v. Bischoff (In re Spillman Dev. Group, Ltd.)*, 710 F.3d 299, 304 (5th Cir. 2013)(citing *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1996)). The *Spillman* court defined "conceivable effect" as

---

[2] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such. To the extent any of the conclusions of law are considered findings of fact, they are adopted as such.

2

any effect that "*could* alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which *in any way* impacts upon the handling and administration of the bankrupt estate." *Id.* (emphasis in original; citations omitted). Accordingly, "attenuated, hypothetical effects of third-party litigation can give rise to related-to bankruptcy jurisdiction." *Id.* at 305 For example, the Fifth Circuit Court of Appeals has found related-to jurisdiction exists over third-party claims where the collection on those claims could result in "the need for [a third party]to seek reimbursement from [the] bankruptcy estate." *EOP-Colonnade of Dallas Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.)*, 430 F.3d 260, 266-67(5th Cir. 2005). That is exactly the situation in this case. In its Notice of Removal, the Debtor alleges that Sanford has indemnity claims against the Debtor under the applicable law asserted in this matter, and that these indemnity claims will have an impact on the Debtor's bankruptcy estate. Trustmark does not dispute this, and agrees that the Court has related-to jurisdiction over this adversary proceeding. This is a not a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2), and the Court's jurisdiction exists solely under the "related-to" prong of 28 U.S.C. § 1334(b).

B.   **Mandatory Abstention.**

Although the parties agree that the Court has subject matter jurisdiction over this adversary proceeding, they disagree as to whether this court must abstain from hearing this case under 28 U.S.C. § 1334(c)(2). Mandatory abstention is required in certain cases, including removed cases, in which all claims are state law claims and the sole basis of bankruptcy jurisdiction is related-to jurisdiction. 28 U.S.C. § 1334(c)(2); *In re Southmark Corp.*, 163 F.3d 924, 929 (5th Cir. 1999). Section 1334(c)(2) of title 28 provides that

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title

3

> 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court[3] shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(footnote added). Accordingly, upon a party's timely motion, a bankruptcy court must abstain from hearing a state law claim if a timely motion is filed and the following elements are met:

> (1) The claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.

*Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239(5th Cir. 1997)(citing *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir.1996); 28 U.S.C. §§ 1334(c)(2), 157(b)(1)).

Neither Sanford nor the Debtor dispute that Trustmark's Motion is timely, as it was filed six days after removal of this case to this Court. Next, as to the first element of mandatory abstention, this adversary proceeding is based solely on the state law breach of contract cause of action against Sanford for his alleged nonpayment on his guaranty of a debt owed by the Debtor to Trustmark. Neither the Debtor nor Sanford has alleged any independent basis for federal jurisdiction over this matter, other than 28 U.S.C. § 1334(b), and the Court concludes no such independent basis exists. As to the second element, the Court has already determined that this matter is not a core proceeding, because "[a] cause of action based upon state law claims can neither arise under nor arise in a case under title 11. It can only be related to the bankruptcy case." *In re Roper*, 203 B.R. 326, 331-32, n.5 (Bankr. N.D. Ala. 1996). Accordingly, the first two elements for mandatory abstention are satisfied.

---

[3] The term "district court" includes bankruptcy courts. See, e.g., *Kmart Creditor Trust v. Conaway (In re Kmart Corporation)*, 307 B.R. 586 (Bankr. E.D. Mich. 2004).

4

The remaining two elements are not so easily satisfied. As the party seeking mandatory abstention, Trustmark bears the burden of establishing these two elements. *Brown v. Shepherd (In re Lorax Corp.)*, 295 B.R. 83, 93 (Bankr. N.D. Tex. 2003). The parties disagree as to what the third element—that the action has been commenced in state court -- requires. Sanford alleges that for mandatory abstention to apply, the state court action must have already been pending at the time the bankruptcy case was filed.[4] In support of this contention, Sanford cites to multiple cases in which courts have concluded that mandatory abstention requires a pre-petition state court cause of action: *See, e.g., In re Jefferson County, Alabama*, 484 B.R. 427, 445-46 (N.D. Ala. 2012); *Walter v. Freeway Foods, Inc. (In re Freeway Foods of Greensboro, Inc.)*, 449 B.R. 860, 877-78 (Bankr. M.D.N.C. 2011); *Container Transp., Inc. v. Scott Paper Co. (In re Container Transp., Inc.)*, 86 B.R. 804, 806 (E.D. Pa. 1998); and *Ferretti Const., Inc. v. Italimplanti of Am., Inc. (In re Feretti Const., Inc.)*, 208 B.R. 396, 398 (Bankr. S.D. Tex. 1995)(mandatory abstention did not apply where no proceeding had been commenced and could not be commenced without first obtaining relief form automatic stay). However, none of the cases cited by Sanford involve a post-petition lawsuit between two nondebtors for which modification of the automatic stay was not a prerequisite. Further, not all courts agree that "an action has been commenced in state court" means that the state court action must be filed pre-petition (or even at all) for mandatory abstention to apply. *See, e.g. World Solar Corp. v. Steinbaum (In re World Solar Corp.)*, 81 B.R. 603, 610 (Bankr. S.D. Cal. 1988)(no pending state court action required). Because this Court cannot conclude that this matter may be timely adjudicated in state court (as set forth below), it is not necessary to decide at this time whether or not mandatory abstention requires a *pre-petition* cause of action in state court.

---

[4] This action was filed post-petition and, as the Debtor is not a defendant, its filing did not violate the automatic stay. 11 U.S.C. § 362.

5

As to the final element, courts have looked to the following factors to determine whether or not a case could be timely adjudicated by the state court: "(1) backlog of the state court's calendar; (2) status of the bankruptcy proceeding; (3) complexity of issues; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate." *Brown*, 295 B.R. at 93 (citations omitted). However, a movant's "naked assertion that the matter can be timely adjudicated in the state court, without more, is insufficient" to satisfy this element of mandatory abstention. *Id.* No testimony or other evidence regarding the ability of the state court to timely adjudicate this action was introduced at the hearing on the Motion. The Court has no information one way or the other as to the state court's calendar, and thus the Court has no basis upon which to find that the state court action can be timely adjudicated. *Id.* (holding that the party seeking abstention bears the burden of establishing the element of timely adjudication). Thus, the Court's abstention in this matter is not required by § 1334(c)(2).

C.  **Permissive Abstention.**

Although the elements for mandatory abstention have not been satisfied in this case, under 28 U.S.C. § 1334(c)(1), this Court has "broad discretion to abstain from hearing state law claims when appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law,'" commonly referred to as permissive abstention. *Gober*, 100 F.3d at 1206 (citing *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987)). The Fifth Circuit has not specifically delineated the factors which a bankruptcy court should consider when deciding whether to abstain, in its discretion, from hearing state law claims, but many courts considering this issue have adopted a twelve-factor test:

> (1) the effect or lack thereof on the efficient administration of the estate if the Court [abstains];
>
> (2) extent to which state law issues predominate over bankruptcy issues;

6

(3) difficult or unsettled nature of applicable law;

(4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding;

(5) jurisdictional basis, if any, other than § 1334;

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Vig v. Indianapolis Life Ins. Co.*, 336 B.R. 279m 285-86 (S.D. Miss. 2005) (citing *Searcy v. Knostman,* 155 B.R. 699, 710 (S.D.Miss.1993)). These factors are flexible, and the "relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Willliams v. Chism*, 164 B.R. 735, 737 (N.D. Miss. 1994)(citation omitted).

Applying these factors to the case at bar, the Court concludes that permissive abstention is appropriate in this case. All but three of these fourteen factors—the third, tenth, and eleventh-- weigh in favor of abstention. As to the third factor, this case is not premised on any difficult or unsettled state law principles. Mississippi law regarding commercial guaranties is relatively

7

simple and well-settled, and this is the kind of case that both Mississippi state courts and bankruptcy courts routinely consider. As to the tenth factor, Trustmark has not alleged, nor does the Court suggest, that either Sanford or the Debtor has engaged in inappropriate forum shopping by removing this case to the bankruptcy court. Finally, with regard to the eleventh factor, pursuant to the terms of the guaranty at issue, the parties have waived their right to a jury trial in this matter.

Each of the remaining eleven factors favors abstention. As to the first factor, Sanford alleges that the outcome of this case "could and would potentially have enormous effects on the rights of all the creditors involved in the bankruptcy proceeding," but the Court fails to see how this is accurate. Trustmark is suing Sanford on his alleged guaranty of a debt owed by the Debtor to Trustmark that the Debtor agrees it owes to Trustmark. Although Sanford may have an indemnity claim against the Debtor should Trustmark succeed on its claims against Sanford, the effect of this indemnity would be to simply replace the entity to whom the debt is owed (Sanford instead of Trustmark), not create an additional liability on the Debtor's part. Further, this case will be adjudicated whether the case proceeds in this Court or in state court, and there is no detriment to the administration of this estate that would result from the case proceeding in state court.

With regard to the second factor, state law issues predominate over bankruptcy issues in this matter, because there are no bankruptcy issues raised in this adversary proceeding. As to the fourth factor, the lawsuit has already been commenced in the state court, and regarding the fifth factor, there is no basis for this Court's jurisdiction outside of 28 U.S.C. § 1334. Further, in considering the sixth factor, although the lawsuit is sufficiently related to the main bankruptcy case to create jurisdiction, its connection to the main case is tenuous. As in the *Vig* case, "[t]his

8

case, which includes only nondebtor parties, is thus only remotely related to the bankruptcy case." *Vig*, 336 B.R. at 286. This is not a core proceeding, and the matters raised in this lawsuit are not central to this bankruptcy case, so the seventh factor favors abstention as well.

The eighth factor also weights in favor of abstention, because there are no bankruptcy issues presented in this case to sever from the state law claims. Any enforcement action will happen in a non-bankruptcy forum as well, as the defendant is not the debtor. This Court's docket is heavy and does not need the unnecessary burden of conducting a trial on the merits of state law claims where the Debtor is not a party. Accordingly, both the ninth and twelfth factors favor abstention. The thirteenth factor, comity, also favors abstention. "Absent countervailing circumstance, the trial of state law created issues and rights should be allowed in state court. . ." *Ramirez v. Rodriguez (In re Ramirez)*, 413 B.R. 621, 632 (Bankr. S.D. Tex. 2009). No such countervailing circumstances are present in this case. Finally, no party will be prejudiced by abstention and remand (although, to be fair, no party would be prejudiced by this Court's retention of this matter, either).

The permissive abstention factors weigh heavily in favor of abstention. The three factors weighing against abstention are minor in light of the number and magnitude of the other factors, and in light of the fact that this case is a purely state law dispute between two nondebtors that will have no adverse effect on the efficient administration of the Debtor's bankruptcy estate. For these reasons, the Court concludes that permissive abstention is appropriate in this case

D.  **Remand.**

The Court is permitted to remand any removed claim or cause of action "on any equitable ground." 28 U.S.C. § 1452(b). Title 28 U.S.C. §1452(b) (remand) and 1334(c) (abstention) are "kindred statutes." *Lee v. Miller*, 263 B.R. 757 (S.D. Miss. 2001). Because the two statutes are

9

"similar in purposes and spirit," circumstances that weigh in favor of permissive abstention under 28 U.S.C. § 1334(c)(1) likewise weigh in favor of remand under 28 U.S.C. § 1452(b). *Id.* (citing *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1020 (Bankr. N.D. Ala. 1996)). The Court concludes that, for the reasons set forth above, remand of this matter to the state court from which it originated is appropriate.

### III.  CONCLUSION

This case involves state law claims between two nondebtors that will not materially impact the administration of the bankruptcy estate and which, absent this Court's related-to jurisdiction, could not have been brought in this or any other federal court. The state court is well-equipped to adjudicate the issues presented in this case. Accordingly, for the reasons set forth above, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that

1. The Plaintiff's Motion for Abstention and Remand (Doc. 3) is **DENIED** as to mandatory abstention but **GRANTED** as to permission abstention and remand.

2. The Court hereby **ABSTAINS** and this adversary proceeding is **REMANDED** to the Circuit Court for Lowndes County, Mississippi.

SO ORDERED on July 30, 2013.

Jason D. Woodard
United States Bankruptcy Judge